IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANDREA ROMANO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action Number: |
| ) | |
| vs. ) | |
| ) | |
| WAL-MART STORES, INC., ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

**JURISDICTION**

Jurisdiction is invoked under 28 USC §1332.  Plaintiffs would show unto the Court the basis as follows:  complete diversity of citizenship exists and the damages claimed exceed $75,000.00.

1.  Plaintiff **ANDREA ROMANO** is an individual who resides in Shelby County, Alabama.

2.  Upon information and belief, Defendant **WAL-MART STORES, INC.**, is a business organized in the State of Arkansas that conducts business in the State of Alabama.  At all times material to this action, **WAL-MART STORES, INC.**, was doing business in the State of Alabama.  Defendant **WAL-MART STORES, INC.**, has substantial, continuous, and systematic contacts with the State of Alabama.

3.  Plaintiff claims damages in excess of $75,000.00.

## **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

4. On or about December 31, 2016, Plaintiff Andrea Romano (hereinafter "Ms. Romano") went to the Wal-Mart located at 2181 Pelham Parkway in Pelham, Alabama.

5. After entering the Wal-Mart, Ms. Romano went to an aisle with displays of furniture and other items for purchase. As Ms. Romano was attempting to pull an item from the display several heavy boxes and items suddenly fell onto Ms. Romano.

6. The display that fell onto Ms. Romano was created and arranged by Wal-Mart employees and/or agents before Ms. Romano entered Wal-Mart. Further, the fact that the display was not properly secured was not apparent to Ms. Romano prior to the incident.

7. Wal-Mart did not warn Ms. Romano about the condition of the display before it fell onto Ms. Romano and injured her. In fact, there were no warnings of any kind indicating that the display was not secured or could fall onto a customer.

## **COUNT ONE – NEGLIGENCE**
## **NEGLIGENCE OF DEFENDANT WAL-MART**

8. Plaintiffs adopt and re-allege all preceding paragraphs as if fully set out herein.

9. On or about December 31, 2016, Ms. Romano was inside Wal-Mart at the expressed or implied invitation of Wal-Mart, and Ms. Romano was there for a business purpose or for Wal-Mart's material benefit. Therefore, Ms. Romano was an invitee on said premises at the time of the incident at issue.

10. As such, Wal-Mart owed Ms. Romano a duty to use reasonable care and diligence to keep the premises, including the display area where the incident occurred, in a reasonably safe condition; or, if the premises was in a dangerous condition, to give sufficient warning of the dangerous condition to Ms. Romano so that she could avoid the danger by the use of ordinary care.

11. The aisle and display where Ms. Romano was harmed was not in a reasonably safe condition at the time of the incident at issue because the display which fell and caused Ms. Romano's injury was not properly secured.

12. Wal-Mart knew or should have known about the said dangerous condition and, in fact, created the dangerous condition.

13. Wal-Mart negligently failed to use reasonable care and diligence to keep the aisle and display at issue in a reasonably safe condition.  Further, Wal-Mart negligently failed to warn Ms. Romano of the above mentioned dangerous condition.

14. As a direct and proximate result of the negligence of Wal-Mart, Ms. Romano was caused to suffer the following injuries and damages:

    (a) She suffered a herniated or bulging cervical disc;

    (b) She suffered thoracic outlet syndrome which, as typically occurs, was originally diagnosed as a cervical strain/sprain;

    (c) She suffered injury to her right arm, wrist and hand;

    (d) She suffered an exacerbation of her pre-existing epicondylitis;

    (e) She was caused to be bruised and contused;

    (f) She suffered other physical injuries, the nature and extent of which are undetermined at this time;

    (g) She suffered and will continue to suffer physical pain, mental suffering, and emotional distress;

    (h)    She suffered permanent injury and disability;

    (i)    She suffered a loss of her enjoyment of life;

    (j)    She has incurred and will continue to incur significant medical and other healthcare related bills and expenses in and about the treatment and rehabilitation of her injuries; and,

    (k)    She was caused to suffer and in the future will suffer a loss of benefits due to missed work for medical treatment.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Andrea Romano, demands a monetary judgment against Defendant Wal-Mart Stores, Inc., in an amount which will fairly and adequately compensate her for the injuries and damages that she sustained as a result of the Defendant's negligent conduct. Further, the Plaintiff requests that the Court enter judgment consistent with the verdict, and that it also award her interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

### COUNT TWO – WANTONNESS
### WANTONNESS OF DEFENDANT WAL-MART

15. Plaintiffs adopt and re-allege all preceding paragraphs as if fully set out herein.

16. On or about December 31, 2016, Ms. Romano was inside Wal-Mart at the expressed or implied invitation of Wal-Mart, and Ms. Romano was there for a business purpose or for Wal-Mart's material benefit. Therefore, Ms. Romano was an invitee on said premises at the time of the incident at issue.

17. As such, Wal-Mart owed Ms. Romano a duty to use reasonable care and diligence to keep the premises, including the display area where the incident occurred,

in a reasonably safe condition; or, if the premises was in a dangerous condition, to give sufficient warning of the dangerous condition to Ms. Romano so that she could avoid the danger by the use of ordinary care.

18. The aisle and display where Ms. Romano was harmed was not in a reasonably safe condition at the time of the incident at issue because the display which fell and caused Ms. Romano's injury was not properly secured.

19. Wal-Mart knew or should have known about the said dangerous condition and, in fact, created the dangerous condition.

20. Wal-Mart wantonly failed to use reasonable care and diligence to keep the aisle and display at issue in a reasonably safe condition.  Further, Wal-Mart wantonly failed to warn Ms. Romano of the above mentioned dangerous condition.

21. As a direct and proximate result of the wantonness of Wal-Mart, Inc., Ms. Romano was caused to suffer the following injuries and damages:

    (a) She suffered a herniated or bulging cervical disc;

    (b) She suffered thoracic outlet syndrome which, as typically occurs, was originally diagnosed as a cervical strain/sprain;

    (c) She suffered injury to her right arm, wrist and hand;

    (d) She suffered an exacerbation of her pre-existing epicondylitis;

    (e) She was caused to be bruised and contused;

    (f) She suffered other physical injuries, the nature and extent of which are undetermined at this time;

    (g) She suffered and will continue to suffer physical pain, mental suffering, and emotional distress;

    (h) She suffered permanent injury and disability;

    (i) She suffered a loss of her enjoyment of life;

(j) She has incurred and will continue to incur significant medical and other healthcare related bills and expenses in and about the treatment and rehabilitation of her injuries; and,

(k) She was caused to suffer and in the future will suffer a loss of benefits due to missed work for medical treatment.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Andrea Romano, demands a monetary judgment against Defendant Wal-Mart Stores, Inc., in an amount which will fairly and adequately compensate her for the injuries and damages that she sustained as a result of the Defendant's wanton conduct.  Further, the Plaintiff requests an award of punitive damages in an amount which will adequately reflect the enormity of the Defendant's wrongful conduct and which will effectively prevent other similar wrongful acts.  Finally, Plaintiff requests that the Court enter judgment consistent with the verdict, and that it also award interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

Respectfully submitted,

*/s/ Rip Andrews*
RIP ANDREWS (ASB-8868-I52a)
E-mail: ripandrews@mrblaw.com

*/s/ J. Ben Ford*
J. BEN FORD (ASB-7916-G18b)
E-mail: bford@mrblaw.com

**OF COUNSEL:**
MARSH, RICKARD & BRYAN, P.C.
800 Shades Creek Pkwy
Suite 600-D
Birmingham, Alabama 35209
Phone: (205) 879-1981
Facsimile: (205) 879-1986

6

## **JURY DEMAND**

Plaintiffs hereby demand a struck jury for the trial in this cause.

*/s/ Rip Andrews*
Attorney for Plaintiff


**SERVE DEFENDANTS VIA CERTIFIED MAIL AS FOLLOWS:**

**Wal-Mart Stores, Inc.**
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104